# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-1523

ANTHONY J. BESLIN

VERSUS

ANADARKO PETROLEUM CORP., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,457
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

**REVERSED AND RENDERED.**

**Dan Boudreaux**
**Law Offices of Keith R. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**Counsel for Intervenor/Appellant:**
      **Liberty Mutual Insurance Co.**

**Christopher S. Mann**
**Lance M. Sannino**
**Ian Alexander Macdonald**
**Jones, Walker, Waechter, Poitevent,**
  **Carrère & Denègre, L.L.P.**
**201 St, Charles, Ave., 47th Floor**
**New Orleans, LA 70170-5100**
**(504) 582-8000**
**Counsel for Defendants/Appellees:**
    **Van S. Spinks**
    **Grey Wolf Drilling Company, L.P.**
    **Grey Wolf Holdings Company**


**Bennett Boyd Anderson, Jr.**
**Keith P. Saltzman**
**Anderson & Dozier**
**P. O. Box 82008**
**Lafayette, LA 70598-2008**
**(337) 233 -3366**
**Counsel for Plaintiff/Appellee:**
    **Anthony J. Beslin**

**Deborah DeRoche Kuchler**
**Leigh Ann T. Schell**
**Kuchler, Polk, Schell, Weiner**
  **& Richeson, L.L.C.**
**1615 Poydras St., #1300**
**New Orleans, LA 70112**
**(504) 592-0691**
**Counsel for Defendant/Appellee:**
    **Anadarko Petroleum Corp.**

**PICKETT, Judge.**

Intervenor appeals grant of summary judgment in favor of third-party defendant, dismissing intervenor's claims against defendant. For the reasons set forth below, we reverse the judgment and remand for further proceedings.

## FACTS

Anthony Beslin was injured in the course and scope of his employment with Offshore Energy Services, Inc. (OES). Liberty Mutual Insurance Company (Liberty) issued a policy for workers' compensation insurance in favor of OES and paid workers' compensation benefits to or on behalf of Mr. Beslin. Mr. Beslin filed suit against Grey Wolf Drilling Company, L.P. (Grey Wolf) and other defendants to recover damages he suffered as a result of the accident.

Liberty intervened in Mr. Beslin's lawsuit, seeking reimbursement for the workers' compensation disability benefits and medical expenses it paid to or on behalf of Mr. Beslin and that it is entitled to offset future disability payments and medical expenses which might become due Mr. Beslin. Grey Wolf asserted in its Answer, "Intervenor has failed [to] state a cause of action against Grey Wolf for which relief can be granted," then denied each allegation set forth in Liberty's Petition of Intervention for various reasons. Thereafter, Mr. Beslin and Grey Wolf settled the law suit without Liberty's knowledge. Other named defendants had been dismissed.

At the time Mr. Beslin was injured, OES was performing services on a land rig pursuant to a Master Service Contract with Anadarko Petroleum Corporation. The rig was owned by Grey Wolf. Anadarko contracted the rig and drilling services from Grey Wolf. The Master Service Contract required OES to provide workers' compensation insurance and also required OES's insurers to waive their

rights of subrogation against Anadarko and its subcontractors, which included Grey Wolf.

To satisfy the requirements of the Master Service Contract, OES obtained an insurance policy from Liberty that included an endorsement entitled "Waiver of Our Right to Recover from Others Endorsement" which read:

> We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us).

The "Schedule" on this endorsement provided:

> All persons or organizations that are parties to a contract that requires you [OES] to obtain this agreement, provided you executed the contract before the loss.

Liberty and Grey Wolf filed cross motions for summary judgment. Grey Wolf urged it was entitled to summary judgment dismissing Liberty's claims because Liberty waived its right to reimbursement in the policy of workers' compensation insurance it issued to Mr. Beslin's employer. The trial court granted Grey Wolf's motion for summary judgment and denied Liberty's motion for summary judgment. Liberty appeals.

## ASSIGNMENT OF ERRORS

Liberty assigns three errors in which it argues:

(1)    The trial court erred in not applying La.R.S. 23:1102(C)(1)[1];

---

[1] Louisiana Revised Statutes 23:1102(C)(1) provides:

> When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant

2

(2) The trial court erred in granting summary judgment because Grey Wolf did not affirmatively plead the waiver of subrogation as a defense in its answer;

(3) Summary judgment was improperly granted because genuine issues of material fact exist as to whether Grey Wolf is entitled to judgment as a matter of law.

## DISCUSSION

Finding merit in Liberty's second assignment of error, we reverse the judgment of the trial court. In its second assignment of error, Liberty contends the trial court's grant of summary judgment in favor of Grey Wolf was error because: (1) the basis of Grey Wolf's motion for summary judgment is an affirmative defense that Grey Wolf was required to set forth in its Answer; (2) Grey Wolf did not include the affirmative defense in its Answer, and (3) without the affirmative defense, Grey Wolf failed to prove it was entitled to summary judgment.

Grey Wolf responds that it put Liberty on notice that it contested Liberty's right to subrogation when it asserted in its Answer, "Intervenor has failed [to] state a cause of action against Grey Wolf for which relief can be granted." Following this assertion, Grey Wolf denied each allegation set forth in Liberty's Petition of Intervention for various reasons. No allegation in Grey Wolf's Answer relates to Liberty's waiver of its right of subrogation.

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *La. Safety Ass'n of Timbermen-Self Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23 (La. 6/26/09), 17 So.3d 350. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions

---

to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.

on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). If the movant will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim. He must, however, point out that there is an absence of factual support for one or more elements essential to the claim. *Id*. Once the movant has met his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial." *Id*.

Pursuant to La.Code Civ.P. art. 1005, a defendant's answer "shall set forth affirmatively . . . estoppel, extinguishment of the obligation in any manner . . . and any other matter constituting an affirmative defense." Article 1005 further provides that if an affirmative defense is mistakenly designated as a peremptory exception or a peremptory exception has been mistakenly designated as an affirmative defense, "and if justice so requires, the court . . . shall treat the pleading as if there had been a proper designation."

The exception of no right of action tests whether the plaintiff is the person in whose favor the law grants the cause of action asserted in the petition. *Howard v. Adm'rs of Tulane Educ. Fund,* 07–2224 (La. 7/1/08), 986 So.2d 47. It assumes the petition states a valid cause of action for some person and questions whether the plaintiff in the case at issue is a member of the class that has a legal interest in the subject matter of the litigation. *Reese v. State Dep't of Pub. Safety and Corr.,* 03-

1615 (La. 2/20/04), 866 So.2d 244. All well-pleaded facts in the petition are taken as true. *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289 (La. 10/25/11), ___ So.3d ___.

Liberty asserted in its Petition of Intervention that it is entitled to be reimbursed for the workers' compensation disability benefits and medical expenses it paid for Mr. Beslin and that it is entitled to offset future disability payments and medical expenses which might become due Mr. Beslin against any amounts he recovered from third parties. This right of action is provided to workers' compensation insurers in La.R.S. 23:1101. Accordingly, Liberty does state a right of action in its Petition of Intervention.

The basis of Grey Wolf's Motion for Summary Judgment is that Liberty waived its right to reimbursement. Waiver is an affirmative defense which must be expressly plead in the answer. *Garland v. Town of Ville Platte*, 198 So.2d 451 (La.App. 3 Cir. 1967). Furthermore, the exception of no right of action cannot be used to raise an affirmative defense. *Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 263. Therefore, the proviso of Article 1005 does not assist Grey Wolf, and its failure to plead Liberty's waiver of its right to subrogation as an affirmative defense renders the trial court's grant of summary judgment erroneous.

## DISPOSITION

The judgment of the trial court granting summary judgment in favor of Grey Wolf is reversed, and this matter is remanded for further proceedings. All costs are assessed to Grey Wolf.

**REVERSED AND RENDERED.**