# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 14-329


**JESSIE COLE, ET UX.**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-85441, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter,
Judges.




**REVERSED AND REMANDED.**

**Steven D. Crews**
**Corkern and Guillet**
**P. O. Box 1036**
**Natchitoches, LA 71457-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Automobile Ins.Co.**
    **Edith P. Breedlove**

**Musa Rahman**
**Johnson, Rahman & Thomas**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0756**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Louisiana Workers' Compensation Corporation**

**Billy Lynn West, Jr.**
**P. O. Box 1033**
**Natchitoches, LA 71458-1033**
**(318) 352-7300**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Jessie Cole**
    **Gwen Cole**

**Michael D Lonegrass**
**Stephanie Dovalina**
**Galloway, Johnson, Tompkins, Burr & Smith**
**4040 One Shell Square**
**New Orleans, LA 70139-1200**
**(504) 525-6802**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Arch Insurance Company**

**EZELL, Judge.**

The Louisiana Workers' Compensation Corporation (LWCC) sought a credit against its obligation for future compensation payments because an employer's uninsured motorist (UM) carrier made payments on behalf of an employee involved in an automobile accident. The trial court granted summary judgment in favor of LWCC finding that it was entitled to a future credit. Arch Insurance Company, as the UM carrier, filed the present appeal arguing that LWCC is not entitled to a credit for future payments because the terms of its policy explicitly prohibit a workers' compensation insurer from receiving any benefit from its policy proceeds.

## FACTS

Jessie Cole was in the course and scope of his employment with Bellwood Water Systems when he was involved in an automobile accident with Edith Breedlove. Mr. Cole and his wife filed suit against Ms. Breedlove and her liability insurer, State Farm Mutual Automobile Insurance Company. State Farm was also the provider of liability and UM coverage for the Coles. The Coles also sued Arch as the insurer of Bellwood providing UM coverage. LWCC intervened in the proceedings seeking reimbursement for all workers' compensation payments made to or on behalf of Mr. Cole and to the extent of any additional payments which it may be presently obligated or might in the future become obligated to pay to or on behalf of Mr. Cole.

Arch filed a motion for summary judgment against LWCC arguing that LWCC had no right to reimbursement from Arch's UM policy for benefits paid to Mr. Cole. Arch further argued that it is entitled to a dollar-for-dollar credit for any

past and future benefits paid under workers' compensation to Mr. Cole. State Farm also filed a motion for summary judgment raising similar arguments.

LWCC filed a cross motion for summary judgment arguing that it was entitled to a credit against future workers' compensation payments. LWCC did not oppose the UM insurers' summary judgment motion on the issue of reimbursement. Arch and State Farm opposed LWCC's motion for summary judgment.

A hearing on the motions for summary judgment was held on August 8, 2013. The trial court granted all three motions for summary judgment. Judgment was signed on September 3, 2013. Arch appealed the judgment of the trial court arguing that that the trial court erred in granting LWCC's motion for summary judgment.[1]

In its brief, the LWCC has raised issues that may affect the right of Arch to oppose the LWCC's motion for summary judgment. We will address those issues first.

## STANDING

The LWCC argues that Arch has no standing to oppose its motion for summary judgment because the LWCC's claim for future credit based on the LWCC's future obligation to Mr. Cole has nothing to do with Arch. The LWCC argues that Arch's policy is not the source of the rights and duties arising out of the LWCC's workers' compensation relationship with Mr. Cole.

Pursuant to La.Code Civ.P. art. 681, an action can only be brought by a person having a real and actual interest in the matter. In opposing the LWCC's motion for summary judgment, Arch is seeking enforcement of its own policy provisions, specifically that its policy exclusions prohibit the LWCC from

---

[1] State Farm did not appeal the ruling.

2

receiving any benefit whatsoever from payments made to Mr. Cole out of Arch's policy. Clearly, Arch has a real and actual interest in enforcing its own policy provisions. We find no merit to this argument.

## AFFIRMATIVE DEFENSE

The LWCC also claims that Arch never affirmatively pleaded the defense that its policy excluded the right of the LWCC to seek any credit toward future obligations owed under the Workers' Compensation Act. The LWCC claims that Arch has no recourse by appeal for failing to plead an affirmative defense pursuant to La.Code Civ.P. art. 1005.

The LWCC is correct that exclusions to insurance contracts must be specifically pleaded as affirmative defenses. *Sher v. Lafayette Ins. Co.*, 07-2441, 07-2443 (La. 4/8/08), 988 So.2d 186. "[A]n affirmative defense raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action. The new matter must be one, however, that is not raised in the plaintiff's petition." *Id*. at 204.

In its petition of intervention in paragraph 4, the LWCC claimed both a right of reimbursement and also a credit for any future payments it might become obligated to pay. Therefore, the issue of whether the LWCC was entitled to a credit was raised by the LWCC in its own petition. In response, Arch's answer to the LWCC's petition set forth all affirmative defenses as originally set forth in its answer to the original petition. In the original petition, Arch specifically pleaded all provisions of its policy including the terms, conditions, limitations, and exclusions. As in *Sher*, we find that the exclusions in Arch's policy were properly before the trial court.

3

## SUMMARY JUDGMENT

Arch argues that the trial court erred in granting summary judgment and allowing the LWCC a credit for any payments made by Arch to Mr. Cole, because the terms of its policy explicitly prohibit a workers' compensation insurer from receiving any benefit, directly or indirectly, from Arch's policy. On the other hand, the LWCC argues that a claim for reimbursement is statutorily distinct from a claim for credit or offset, and it is legally entitled under the principles of solidarity to take a credit against any excess UM recovery by Mr. Cole that the LWCC will become obligated to pay in the future.

Louisiana Code of Civil Procedure Article 966, which governs summary judgment proceedings, was significantly amended in both the 2012 and 2013 legislative sessions. These amendments affect the burden of proof elements of the Article. At the time of this hearing, August 8, 2013, the 2013 version of Article 966 was in effect. After the amendment by 2013 La. Acts No. 391, § 1, Article 966(F)(1)(emphasis supplied) now provides that "[a] summary judgment *may* be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Furthermore, Article 966(B)(2) now provides that evidence considered by the trial court must be "admitted for purposes of the motion for summary judgment." Article 966(F)(2) now provides that "[e]vidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection." Furthermore, "[o]nly evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion." La.Code Civ.P. art. 966(F)(2).

The amendments did not change the burden of proof applicable to a motion for summary judgment as set forth in Article 966(C)(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

"Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment." *Cutsinger v. Redfern*, 08-2607, p. 4 (La. 5/22/09), 12 So.3d 945, 949.

The LWCC argues that, as a solidary obligor, its right to statutory credit under La.R.S. 23:1102(B) and/or La.R.S. 23:1103(A)(1) exists regardless of any workers' compensation exclusion in the Arch UM policy.

In *Bellard v. American Cent. Ins. Co.*, 07-1335 (La. 4/18/08), 980 So.2d 654, the supreme court addressed the issue of a UM insurer's entitlement to a credit for workers' compensation benefits paid. The supreme court held that by the effect of the law and the terms of their insuring agreements, both the UM insurer and the workers' compensation insurer are solidary obligors because they have coextensive obligations to reimburse the plaintiff for lost wages and medical expenses incurred as a result of the injury caused by the tort feasor. The supreme court went on to recognize there was no right of reimbursement or subrogation in favor of the employer or workers' compensation insurer because the terms of the UM insurer's policy excluded coverage for the "'direct or indirect benefit of any insurer or self-

insurer under any workers' compensation, disability benefits or similar law.'" *Id.* at 670.

Arch argues that not only is the LWCC not entitled to reimbursement for the workers' compensation benefits it has already paid, but it is also not entitled to a credit for payment of any future benefits because the terms of its policy excludes such coverage by providing: "This insurance does not apply to . . . . [t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." Furthermore, coverage for workers' compensation is specifically excluded as follows: "This insurance does not apply to any of the following . . . . **3. WORKERS' COMPENSATION** Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law."

The LWCC relies upon the second circuit case of *Tolbrid v. Wyble*, 38,969 (La.App. 2 Cir. 12/15/04), 892 So.2d 103, *writs denied*, 05-444, 05-449 (La. 4/29/05), 901 So.2d 1066, 1067, *cert. denied*, 546 U.S. 876, 126 S.Ct. 387 (2005). In *Tolbrid,* the second circuit recognized that a workers' compensation insurer could not recoup benefits paid to a claimant under a UM policy that specifically excluded reimbursement to the insurer.

In rendering its decision, the second circuit reviewed the law as it had developed by that time regarding the relationship between a UM insurer and a workers' compensation insurer when a third person has injured an employee. Citing *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224 (La.1982), and *Travelers Ins. Co. v.* Joseph, 95-200 (La. 6/30/95), 656 So.2d 1000, the second circuit recognized that the supreme court ruled that a UM insurer is a "third

person" who is legally liable to pay an employee damages resulting from a work-related accident so that a compensation insurer may seek reimbursement from the UM insurer. However, no public policy prevents a UM insurer from expressly contracting to exclude a compensation insurer's right to reimbursement in its UM policy.

The second circuit in *Tolbrid* then went on to hold that the workers' compensation insurer was entitled to a future credit for payments made by the UM insurer. We observe that the specific language in the UM policy is not included in the opinion, and there is no discussion as to whether the policy specifically excluded a compensation insurer's right to a credit in the UM policy.

In *Watson v. Funderburk*, 98-618 (La.App. 3 Cir. 10/28/98), 720 So.2d 808, *writ denied*, 98-2961 (La. 1/29/99), 736 So.2d 834, this court cited with approval the reasoning in *Cleaning Specialists, Inc. v. Johnson*, 96-2677, 97-1 (La.App. 4 Cir. 5/21/97), 695 So.2d 562, *writ denied*, 97-1687 (La. 10/3/97), 701 So.2d 210, and held that the exclusionary clause in a UM policy that prohibits any "direct or indirect benefit" precluded a workers' compensation insurer from seeking a credit against future compensation benefits. The fourth circuit in *Cleaning Specialists* held that "[a] credit against future obligations would certainly be an indirect benefit, if not a direct one." *Id*. at 565. This court also recognized that "solidarity could be affected by contract." *Watson*, 720 So.2d at 810 (citing *Fertitta v. Allstate Ins. Co.*, 462 So.2d 159 (La.1985).

Once again this court in *Landry v. Martin Mills, Inc.*, 98-1395 (La.App. 3 Cir. 3/3/99), 737 So.2d 58, *writ denied*, 99-957 (La. 6/4/99), 744 So.2d 625, held that this same language in a UM policy prevented a self-insured employer from claiming a credit against a claimant's future workers' compensation benefits when

7

the claimant received payment from the UM insurer. The fourth circuit also once again held this language prevented a compensation insurer from seeking a credit against future workers' compensation benefits. *Viada v. A & A Mach. Works, Inc.*, 05-210 (La.App. 4 Cir. 6/15/05), 914 So.2d 1113, *writs denied*, 05-1838, 05-1902 (La. 3/10/06), 925 So.2d 506.

It is important to note that a different panel of the second circuit in *Tommie's Novelty v. Velasco*, 37,924, 37,925 p. 7 (La.App. 2 Cir. 2/26/04), 868 So.2d 962, 966, did specifically address exclusionary language stating that UM coverage did not apply to "[t]he direct or indirect benefit" of any workers' compensation insurer. That panel, including one judge who authored *Tolbrid,* 892 So.2d 103, held that this exclusion applied to compensation already paid as well as to any future compensation payable by the compensation insurer.

The first circuit has also held that this specific exclusionary language precluded a workers' compensation insurer's right to claim a future credit as well as a reimbursement. *Bergeron v. Williams*, 99-886, 99-887 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, *writ denied*, 00-1697 (La. 9/15/00), 768 So.2d 1281. The first circuit concluded that the right to a future credit is a benefit to a compensation insurer. Citing *Travelers Insurance Company*, 656 So.2d 1000, the first circuit noted that "the supreme court emphasized the strong public policy supporting full recovery for innocent automobile accident victims by making UM coverage available when they are injured by impecunious tortfeasors, as well as the importance of Louisiana Civil Code principles establishing freedom to contract on all matters not forbidden by law." *Bergeron*, 764 So.2d at 1089.

Finally, the supreme court once again in *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945, reinforced its previous holdings that there are no statutory

8

provisions or policy considerations that preclude a UM insurer from contracting to exclude liability for compensation reimbursement or subrogation even though it means that the plaintiff would receive a double recovery. Relying on the language in the UM policy, the supreme court held that the UM insurer could reduce the UM benefits by the amount of workers' compensation benefits paid to the insured.

We find in the present case that the policy language contained in the UM policy specifying that the UM coverage does not extend to the "direct or indirect" benefit of the workers' compensation insurer precludes the LWCC from claiming a credit for future workers' compensation benefits payable.

For the above reasons, the September 3, 2013 judgment of the trial court granting summary judgment in favor of the Louisiana Workers' Compensation Corporation is reversed, and we remand this matter for further proceedings. Costs of this appeal are assessed against the Louisiana Workers' Compensation Corporation.

**REVERSED AND REMANDED.**