# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-638


**TERRY LEONE**

**VERSUS**

**DON WARE, ET AL.**


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,013
HONORABLE PATRICIA KOCH, DISTRICT JUDGE

**********

### PHYLLIS M. KEATY
### JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

C. R. Whitehead, Jr.
Whitehead Law Offices
Post Office Box 697
Natchitoches, Louisiana 71458-0697
(318) 352-6481
Counsel for Plaintiff/Appellant:
    Terry Leone

Lottie L. Bash
Laura B. Matthews
Faircloth, Melton & Sobel, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
(318) 619-7755
Counsel for Defendant/Appellee:
    Republic Fire and Casualty Insurance Company

**KEATY, Judge.**

Plaintiff/Appellant, Terry Leone, appeals the judgment of the trial court granting a peremptory exception of no right of action in favor of Defendant/Appellee, Republic Fire and Casualty Insurance Company. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

## FACTS & PROCEDURAL HISTORY

This personal injury matter arose after Terry Leone (Terry), a bail bondsman, sustained injuries on May 20, 2015, in Woodworth, Louisiana, after he fell out of the back door of a mobile home owned by Don Ware (Don) and occupied by his son, Aaron Lee Ware (Aaron). Prior to the incident, Don was a guarantor on Aaron's criminal surety bond. Don contacted Terry, the bondsman, and advised that he wanted to withdraw as guarantor. Thereafter, Terry went to the mobile home to assist Don in apprehending Aaron to be turned over to the police. During the subsequent physical altercation which ensued between the three individuals, Terry fell out of the mobile home's back door onto the ground and injured his knee.

On October 1, 2015, Terry filed a "Petition For Damages, Medical Expenses, Loss Wages And Personal Injury" against Don and Aaron. He subsequently filed an amended petition and named Don's homeowners' insurer, Republic Fire and Casualty Insurance Company (Republic), as a co-defendant. Republic answered the petition and amended petition, asserting therein a motion to strike and dilatory exception of vagueness and ambiguity. The allegations contained in the petition, which formed the basis of the exception, were thereafter stricken, and the dilatory exception was dismissed pursuant to a consent judgment signed by the trial court on February 22, 2017. Republic thereafter filed a peremptory exception of no right

of action, alleging that the insured's actions being intentional were excluded under Republic's policy and the location of the alleged events was not a covered location under the policy. Terry filed an opposition memorandum. Following a hearing on April 24, 2017, the trial court orally granted the peremptory exception in favor of Republic, dismissing Terry's claims against it. A written judgment was signed on May 3, 2017. In its subsequent written reasons for judgment dated May 23, 2017, the trial court adopted its oral reasons given on April 24, 2017. Terry appealed.

On appeal, Terry contends the trial court committed legal error when it granted Republic's peremptory exception of no right of action, determining that the allegations contained in the petition constituted an intentional tort and were excluded under Republic's policy.

## STANDARD OF REVIEW

A peremptory exception of no right of action poses a question of law and is reviewed de novo. *Washington Mut. Bank v. Monticello*, 07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369.

## DISCUSSION

In his sole assignment of error, Terry contends the trial court legally erred when it granted Republic's peremptory exception of no right of action, finding that the allegations contained in the petition constituted an intentional tort and were excluded under Republic's policy.

In Louisiana, an exception of no right of action is raised through a peremptory exception pursuant to La.Code Civ.P. art. 927. The exception's function "is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. The

2

supreme court has noted that when reviewing a trial court's ruling on an exception of no right of action, an appellate court "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256. The burden of proof rests with the movant. *Montgomery v. Lester*, 16-192 (La.App. 3 Cir. 9/28/16), 201 So.3d 966, *writ denied*, 16-1944 (La. 12/16/16), 212 So.3d 1173. Evidence introduced in support of a peremptory exception is governed by La.Code Civ.P. art. 931, which provides, in pertinent part: "On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Additionally, the court begins its analysis on an exception of no right of action "with an examination of the pleadings." *Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224, pp. 17-18 (La. 7/1/08), 986 So.2d 47, 60.

In this case, an examination of the pleadings reveals Terry alleged he was injured at a residence located at 319 Railroad Avenue and owned by Don. Terry then asserted the following allegations against Republic in his amended petition:

8.

As plaintiff and Don were attempting to apprehend Aaron and take him into custody a physical encounter was engaged between plaintiff, Don and Aaron. During the time of the apprehension Don used excessive physical force on Terry Leone and pushed him out the backdoor of the mobile home.

9.

Don Ware failed to advise Terry Leone that there was a defect in the backdoor of the premises and when Don Ware and Aaron Ware pushed Terry Leone up against a wall in the mobile home there was no porch attached to the backdoor and plaintiff Terry Leone was pushed out of the backdoor of the mobile home by Aaron and Don and fell approximately five (5) feet to the ground.

13.

Defendants Don and Aaron used excessive and negligent conduct causing injuries to plaintiff when they pushed Terry Leone out of the backdoor of the mobile home and did not warn Terry Leone that there was no outside porch or stairs attached to the backdoor.

In response to Terry's allegations, Republic filed an exception of no right of action, alleging that the insured's actions were excluded under Republic's policy. In support, it offered into evidence a homeowners' liability insurance policy, number H13 1979835 01, which it issued to Don and Patsy Ware as the insureds. The residence premises, which is an insured location under the policy, is listed as 43 Butler Drive. Section II(1)(e) of the policy excludes coverage for bodily injury arising "out of a premises" which is "[o]wned by an 'insured' . . . that is not an 'insured location[.]'" In the instant case, Terry's petition asserts the incident occurred at 319 Railroad Avenue.

Republic's policy also contains an intentional acts exclusion in Section II(1)(b) of the "Special Provisions" endorsement to the policy. According to the endorsement, bodily injury caused by an insured is excluded from coverage as follows:

With respect to loss caused by a peril other than fire and with respect to all "insureds" covered under this policy;

1) Which is expected or intended by one or more "insureds" even if the "bodily injury" or "property damage":

4

> (i) Is of a different kind, quality, or degree than initially expected or intended; or
>
> (ii) Is sustained by a different person, entity, real or personal property, than initially expected or intended.
>
> However, this Exclusion 1.b.(1) does not apply to "bodily injury" resulting from the use of reasonable force by one or more "insureds" to protect persons or property.

After hearing oral arguments for both sides, the trial court granted the exception. In the trial court's written reasons for judgment dated May 23, 2017, it adopted its oral reasons given on April 24, 2017, wherein it stated:

> [W]hen you did your amendment you made it even more muddy so that you used the language of excessive force and says particularly Don pushed, and it wasn't just the struggle that there might have been going on when you're trying to apprehend someone, so I am going to agree with Ms. Bash that your allegations look like there is an intentional tort, which would not be something that's going to be covered by the insurance company. So I'm granting her no right of action.

Although the language employed in Terry's pleadings may contain allegations of intentional acts, we disagree with the trial court's judgment because the exclusion in Republic's policy is an affirmative defense which may not be raised through an exception of no right of action. *See Cole v. State Farm Mut. Auto. Ins. Co.*, 14-329 (La.App. 3 Cir. 10/1/14), 149 So.3d 831, *writ denied*, 14-2145 (La. 1/9/15), 157 So.3d 598; *see also Beslin v. Andarko Petroleum Corp.*, 11-1523 (La.App. 3 Cir. 4/4/12), 87 So.3d 334. In *Cole*, 149 So.3d at 833, this court agreed that "exclusions to insurance contracts must be specifically pleaded as affirmative defenses."

In *Beslin*, 87 So.3d at 338 (emphasis added), this court reversed the trial court's grant of summary judgment stating:

> The basis of Grey Wolf's Motion for Summary Judgment is that Liberty waived its right to reimbursement. Waiver is an

5

affirmative defense which must be expressly plead [sic] in the answer. *Garland v. Town of Ville Platte*, 198 So.2d 451 (La.App. 3 Cir.1967). **Furthermore, the exception of no right of action cannot be used to raise an affirmative defense.** *Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 263. Therefore, the proviso of Article 1005 does not assist Grey Wolf, and its failure to plead Liberty's waiver of its right to subrogation as an affirmative defense renders the trial court's grant of summary judgment erroneous.

Pursuant to *Cole* and *Beslin*, Republic cannot raise an affirmative defense regarding exclusions in its policy by an exception of no right of action. Therefore, the trial court's grant of Republic's exception of no right of action is erroneous, and its judgment is reversed.

### DECREE

The trial court's judgment in favor of Defendant/Appellee, Republic Fire and Casualty Insurance Company, is reversed, and the matter is remanded for further proceedings. All costs of this appeal are assessed to Defendant/Appellee, Republic Fire and Casualty Insurance Company.

**REVERSED AND REMANDED.**