673 So.2d 726 (1996)
DEPARTMENT OF STATE CIVIL SERVICE
v.
HOUSING AUTHORITY OF EAST BATON ROUGE and The Housing Authority of Lake Charles.
No. 95 CA 1959.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*727 Robert R. Boland, Jr., Baton Rouge, for Plaintiff-Appellee Department of State Civil Service.
Kimberly J. August, Baton Rouge, for Defendant-Appellant Housing Authority of East Baton Rouge Parish.
Before WATKINS, FOIL and TANNER,[1] JJ.
WATKINS, Judge.
This civil action was filed on March 17, 1989, when the Louisiana Department of State Civil Service (Department) attempted to collect monies from the Housing Authority of East Baton Rouge (Housing Authority) pursuant to LSA-R.S. 42:1383.[2] The Housing Authority not only defended on the ground that it is not a state agency or an instrumentality thereof, but reconvened seeking a declaration "defining and clarifying the status of the Housing Authority and its relationship to the state, the City of Baton Rouge, and the Parish of East Baton Rouge and declaring that the Housing Authority does not have to be subject to the State Department of Civil Service."
Pursuant to a court order sustaining an exception raising the objection of failure to join an indispensable party, filed by the Department, the Housing Authority added as defendants to its reconventional demand all of its employees serving on permanent status within the State Classified Civil Service who had not previously intervened in the lawsuit. Subsequently, an amicus curiae brief was filed by the Housing Council of the State of Louisiana.
The trial court's pre-trial order contains the following stipulations of fact:

*728 1. From its inception, the Housing Authority of East Baton Rouge has treated its employees as state classified employees, and continues to treat those employees as state classified employees. The Housing Authority of East Baton Rouge has followed the rules of the State Civil Service Commission since 1989 under threats of sanctions and fines by representatives of the State Civil Service Commission.
2. That if there is judgment herein against the Housing Authority of East Baton Rouge finding that monies are owed to the Department of State Civil Service by operation of R.S. 42:1383, then judgment should be rendered in the following amounts for the following fiscal years:

1988-1989---------- $2,154.00
1989-1990---------- 2,299.00
1990-1991---------- 2,603.00
1991-1992---------- 2,250.00
1992-1993---------- 2,621.00

3. That intervenors shown below have been employed as state classified employees for the Housing Authority of East Baton Rouge from the dates indicated:

Edward Barber-----------04/12/73-02/25/93
Henry Bergeron----------12/01/68-Present
Peggy Bookter-----------10/18/82-03/22/90
Tommie Carter-----------03/02/87-Present
Adam Courville----------06/28/87-04/03/91
Ramona Davis------------02/24/86-08/16/91
Alvin Harris------------12/09/85-05/06/90
Clifton Johnson---------12/02/85-Present
Patrick Jones-----------09/20/84-Present
Doris Lusk--------------01/11/88-01/23/90
Raful Neal--------------12/01/71-06/03/91
Robert Perry------------03/02/87-Present
Benjamin Young----------06/15/88-07/23/90

4. That the employees of the Housing Authority of East Baton Rouge are not now covered by either State Employees Group Benefits Program, R.S. 42:871 et seq., or by State Employees Retirement System, R.S. 11:1 et seq.
5. That both the State Employees Group Benefits Program and the State Employees Retirement System would, upon request, extend coverage and the benefits of the laws to the employees of the Housing Authority of East Baton Rouge would become available, but only with the continual payment by all employees and the Housing Authority at a total of 15.30% of all wages in the form of social security and medicare taxes.
6. That the Housing Authority of East Baton Rouge receives no state funds, but only federal funds.
7. That the Housing Authority of East Baton Rouge is not allowed to utilize state owned vehicles.
8. That the Housing Authority of East Baton Rouge is not allowed to participate in the self-insurance pools maintained for other state agencies for personnel liability, fire and extended casualty and other required insurance for normal operation and must purchase its own insurance coverage as required by the federal government.
On April 11, 1995, the trial judge signed a judgment awarding the Department $11,927.00 for the fiscal years 1988-1989 through 1992-1993. As to the reconventional demand, the judgment provided the Housing Authority "is a state agency entitled to full and complete recognition as such and is entitled to all of the benefits afforded every other state agency...." All other claims made in the reconventional demand were denied.
The Housing Authority appealed. None of the other parties perfected an appeal or answered the appeal. The Housing Authority assigns the following errors:
1. The district court committed error when it adjudged that the Housing Authority of East Baton Rouge Parish was a state agency.
2. The district court committed error when it adjudged that the housing authority of East Baton Rouge Parish as a state agency was to pay the fees assessed by the Louisiana Department of Civil Service for the administrative costs associated with maintaining the civil service system.

Error No. 1: State Agency
In its amicus curiae brief the Housing Council of the State of Louisiana has provided us with a clearly articulated analysis of the status of housing authorities in the state. We adopt as our own the following portions of that brief:
*729 The issue presented to this Honorable Court is:
Are employees of state created housing authorities, except those excluded by Louisiana Constitution Article X, Section 2, and by La.Rev.Stat. 40:495(6), civil servants of the State of Louisiana, in accordance with Louisiana Constitution Article 10, Sections 1 and 2?

Sub-issue: Are public housing authority instrumentalities within the meaning of the word as used in the Louisiana Constitution of 1974, Article X, Section 1?

BRIEF
As a result of mandates arising from federal housing legislation of 1937, the 50 states, including Louisiana, individually enacted legislation which authorized creation of public corporations to act as recipient bodies for federal, state or private funds to be utilized to provide and/or improve housing for families of low income. Louisiana's legislation was enacted as early as 1936. The 1938 legislation, which ratified the creation of housing authorities and their acts, has been deleted from the 1950 revised statutes, although it has not been repealed. The current Louisiana law, namely, La. Rev.Stat. 40:391, entitled "Housing Authority Law", was enacted in 1977, amended in 1990 and now provides:
"In each parish and in each state [sic], there is hereby created a public body corporate in [sic] politic known as the housing authority of the city or parish. However, the housing authority shall not transact any business or assert its power under this part until and unless the governing body of the city or parish declares, by proper resolution, that there is need for an authority to function in such city or parish."
In La.Rev.Stat. 40:451, et seq., the public housing authorities (hereinafter referred to as PHA) are specifically given the power and authority to obtain and utilize federal, state or local funds or to accept contributions or other financial assistance from public or private sources to accomplish the goals of the public housing programs, i.e. to execute a sovereign function of the state.
Due to the method and manner of the creation or establishment of PHAs, the PHAs themselves enjoy a special type of identity and characteristics. Louisiana PHAs are expressly created by state legislation in order to further state goals and objectives and to execute a state function by utilizing their state delegated authority. The catalyst for beginning business operations by the PHAs is the local municipalities ascertaining a need for PHAs and adopting a resolution regarding same.

Mullins v. The [sic] State, 387 So.2d 1151, 1152 [La.1980], established the current rule in Louisiana, wherein, if an office or agency is created by the legislature or is established by the constitution, it is considered a state office or agency. Due to the manner of creation of the PHA, fact necessitates that housing authorities are state agencies, or alternatively, instrumentalities of the state.
All such state agencies, or public corporations, are subject to legislation enacted by the State of Louisiana, including the Constitution, enacted in 1974, as amended, and more specifically, Article X, Section 1 which establishes and implements the Civil Service System. Article X, Section 1, (which was derived from the Constitution of 1921, Article XIV, Section 15) states:
"Section 1. (A) State Civil Service.
The State Civil Service is established and includes all persons holding offices in positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include persons holding offices in positions of [sic] any municipal board of health or local governmental subdivision...." (emphasis ours)
Article X, Section 2 which defines classified and unclassified civil servants, states:
"Section 2. (A) Classified Service.

*730 The state and city civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service." (emphasis ours)
A review of Section 2(B), unclassified service positions, reveal[s] that the only PHA employees included in unclassified service are:
"[...]
(5) Members of state and city boards, authorities and commissions;
[...]
(7) One person holding a confidential position and one principal assistant or deputy to any officer, board, commission, or authority mentioned in (1), (2) or (5) above, except civil service departments;"
As nonexcluded employees of a state agency or instrumentality, the PHA's other employees are therefore classified civil servants of the State of Louisiana.
The 1921 Constitution[`s] version of Article XIV, Section 15, the source article for Article X, Section 1, specifically included housing authorities within the purview of the Civil Service. In streamlining the language, the 1974 Constitution deleted the following language:
"or any department, independent agency or other agency, board or commission thereof such as (dock boards and all boards of commissioners, levee and drainage boards and commissions, housing authorities, courthouse commission of New Orleans, state hospitals, board of supervisors of Louisiana State University, an agricultural and mechanical college), and shall also include all offices in positions of trust or employment in the employ of."
and in place of this language inserted "or any instrumentality thereof,". This language broadened, rather than limited the scope of the Civil Service.
The generally accepted definition of an instrumentality is that of an extension of a larger body, or an agency thereof, a means to an end.
"An instrument is that by means of which something is done.... that which, is made or means or caused to serve a purpose." 44 C.J.S. "Instrument" page 417; "and an instrumentality is a condition of being an instrument; a subordinate or auxiliary agency." 44 C.J.S. "Instrumentality", page 422." (original author's identity unavailable)
A 1961 court opinion that a housing authority is a state agency stemmed from an analogous constitutional provision. In Public Housing Administration v. Housing Authority of the City of Bogolusa [sic], 137 So.2d 315, a housing authority was subject to a constitutional restriction prohibiting public entities from investing in mutual companies in which they would receive a share of the profits. The prohibition applied to any "political corporation" of the state. The court found the housing authority to be a state agency.
Having fallen within the purview of being an agency or instrumentality of the state, the PHA's nonexcluded employees are entitled to retain and enjoy their status as classified civil servants of the state of Louisiana, under the mandate of Article X, Sections 1 and 2 of the Louisiana Constitution of 1974.
Not only are we convinced that the above analysis is correct, but we also note that the trial court correctly relied on the provision of LSA-R.S. 40:495(6), as amended for clarity in 1990, which specifically states:
All employees of the authority, except authority members, the executive director, and one other employee whom the authority shall designate and employ, and except professional employees employed on a contract basis, shall be in the classified state civil service.

Error No. 2: Liability for Fees
In support of its challenge to the money judgment in favor of the Department, the Housing Authority asserts that there is a conflict between LSA-R.S. 40:505, which provides it with an exemption from taxes or fees to the state or any subdivision thereof, and LSA-R.S. 42:1383, which provides a method *731 of funding the Department by billing the entities that employ state classified employees. We find no merit in the Housing Authority's argument.
We note that the exemption statute, LSA-R.S. 40:505, was enacted in 1936, whereas the funding statute, LSA-R.S. 42:1383, was enacted in 1988. Louisiana Civil Code Article 8 provides that "laws are repealed, either entirely or partially, by other laws." When there is an irreconcilable conflict between statutes, the later one prevails, as there is a repeal by implication of the earlier one. See State v. Craig, 93-2515 (La.1994); 637 So.2d 437, 443.
We agree with the Department that the Louisiana Legislature in 1988 intended that the Housing Authority, as a state agency or instrumentality of the state, pay its pro-rata share of the appropriation to the Department. We also agree that whether the amount billed pursuant to LSA-R.S. 42:1383 is a tax or a fee does not alter the Housing Authority's liability for the amount. If there is no conflict between the two statutes, the amount is owed; if there is a conflict, the earlier statute is repealed by implication, and the amount is owed.
Accordingly, we affirm the judgment of the trial court and we cast the Housing Authority for all costs of this appeal in the amount of $137.91.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Enacted in 1988 by Act 639, the statute provides a method of funding the appropriation of the state legislature to the Department by billing the entities that employ state classified employees their pro-rata share of the appropriation.