Dear Mr. Smith:
This office is in receipt of your opinion request where you present the following issues for our review:
 (1) Are Housing Authority of New Orleans (HANO) employees covered by the Civil Service Regulations?
 (2) What state agency is required by law to monitor HANO employee's retirement program?
 (3) How do HANO employees contribute funds to this retirement program?
Local housing authorities as established by the constitution are considered state agencies. Mullins v. State, 387 So.2d 1151 (La. 1980). La. Const. Art. 10, § 1 (1974) establishes and implements the civil service system. This section states:
Section 1. (A) State Civil Service
 The State Civil Service is established and includes all persons holding offices in position of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include persons holding offices in positions of any municipal board of health or local governmental subdivision.
La. Const. Art. 10, § 2 (1974) which defines classified and unclassified civil servants, states:
Section 2. (A) Classified Service
 The state and city civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service.
Section 2. (B) Unclassified Service
 The unclassified service shall include the following officers and employees in the state and city civil service:
* * *
 (5) members of state and city boards, authorities, and commissions;
* * *
 (7) one person holding a confidential position and one principal assistant or deputy to any officer, board, commission, or authority mentioned in (1), (2), (4), or (5) above, except civil service departments.
A review of Section 2 (B) cited above reflects that the only employees included in unclassified service are those provided in subsections (5) and (7). Nonexcluded employees of public housing authorities are entitled to retain and enjoy status as classified civil servants because public housing authorities are agencies or instrumentalities of the state. Department of State Civil Servicev. Housing Authority of East Baton Rouge, 673 So.2d 726 (La.App. 1st Cir. 1996). In the cited case, the court stated that the 1921 Constitution's version of Article 14, § 15, the source article for Article 10, § 1, specifically include housing authorities within the purview of the civil service system. Therefore, public housing authority's nonexcluded employees are entitled to retain and enjoy their status as classified servants of the state of Louisiana, under the mandate of Article 10, §1 and 2 of the Louisiana Constitution of 1974.
Under La. Const. Art. 10, § 6 (1974) the legislature established two departments to head the civil service commission. This article provides, in pertinent part:
 La. Const. Art. 10, § 6 Department of Civil Service; Directors.
 (A) State Department. A Department of State Civil Service is established in the executive branch of the state government.
 (B) City Departments. A department of city civil service shall exist in each city having a population exceeding four hundred thousand.
As provided above, the New Orleans Housing Authority would be classified as a state agency or instrumentality. Therefore, under La. Const. Art. 10, § 6, the State Department of Civil Service would oversee the New Orleans Housing Authority and its employees rather than the City of New Orleans Civil Service Department.
Louisiana State Employees' Retirement System is governed by LSA-R.S. 11:401, et seq. As provided under LSA-R.S. 11:411, the membership of this system is composed as follows, in pertinent part:
 (1) each person who becomes an employee in state service, except those specifically excluded or as to whom an option or election is provided in this Section, shall become a member of the system as a condition of employment.
 (2) Any person who becomes an employee in the state service who is a contributing member in any other retirement system shall become a member of this system unless he elects at the time of his employment to remain a contributing member of such other system for which he remains eligible for membership . . .
An Attorney General Opinion issued January 5, 1966, a copy of which is attached, concluded that housing authority employees who meet the eligibility requirements under former LSA-R.S. 42:551
must be members of the Louisiana State Employees' Retirement System in order to retain their employment. Former LSA-R.S.42:551 has since been redesignated as LSA-R.S. 11:411. Therefore, the Housing Authority of New Orleans employees are placed within the state retirement system, which is monitored by the Louisiana State Employees Retirement System.
Lastly, LSA-R.S. 11:62 establishes the calculations for employee contributions to the state public retirement systems. Employer contributions are provided for under LSA-R.S. 11:101-104.
If you should have any further questions concerning the issues provided in this opinion, please advise this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams