Dear Mr. LaRocca:
We are in receipt of your opinion request wherein you, as counsel for the Housing Authority of the City of Morgan City, inquired about the legal status of the Authority's employees who are not classified as Civil Service employees. You also ask whether unclassified employees are subject to the executive director's designation for employment, employment, qualifications, assignment of duties, compensation, promotion, demotion and/or termination or whether this is a function of the Authority, acting through its Board of Commissioners.
Your first question asks about the legal status of employees who are not classified as Civil Service employees. City and state employees are subject to either the state civil service or city civil service system pursuant to La. Const. Art. X, § 1 and are either classified or unclassified employees pursuant to La.Const. Art. X, § 2. The manner of creation of a housing authority determines whether it is a state agency or instrumentality of the state. Department of State Civil Servicev. Housing Authority of East Baton Rouge, 673 So.2d 726, 95-1959
(La.App. 1 Cir. 5/10/96). If a local housing authority is a state agency, then its employees are either classified or unclassified civil servants who are subject to state civil service rules. La. Const. Art. 10, 2 (1974).
In your letter you mentioned that the Authority previously secured approval of the State Civil Service Commission to employ two employees who enjoy unclassified status. However, the City of Morgan City Housing Authority currently has a total of three unclassified positions. (See, The Personnel Policy Manual,(September, 2004)). You then ask whether these unclassified employees are subject to the executive director's, designation for employment, employment, qualifications, assignment of duties, compensation, promotion, demotion and/or termination or whether this is a function of the Authority, acting through its Board of Commissioners. Your inquiry stems from the executive director's termination of an unclassified employee, and the previous termination by the Board, of an unclassified employee who held the same position.
Pursuant to LSA-R.S. 40:539(C)(1), the housing authority selects an executive director to serve as its chief executive and administrative officer. However, the executive director serves at the pleasure of the authority. Id.
As provided in LSA-R.S. 40:539(C)(2):
 the executive director shall employ, such housing authority staff and employees. . . . The executive directors shall have authority over termination of employment. In carrying out his functions and responsibilities, the executive director, shall be subject to applicable civil services laws, rules, and regulations and policies of the authority. (Emphasis Added).
 (3) The executive director shall exercise administrative supervision over all employees of the authority, and all employees of the authority shall be responsible to the executive director for the accomplishment of their duties. (Emphasis Added).
 * * *
From the clear language of the statute, it follows that the executive director is given the power to employ and terminate employees of the Authority as long as he, in carrying out his functions and responsibilities is in line with civil service laws, rules, regulations and policies of the Authority. In accordance with the Louisiana Civil Service Rules, Chapter 12 states that every [adverse] action authorized by this chapter must be taken by an appointing authority. (See, Louisiana Rulesof Civil Service, Chapter 12, 12.1 Appointing Authority).
The appointing authority as defined by the City of Morgan City, under the heading, "Appointing Authority," places the responsibility for hiring and discharging personnel with the Executive Director. (See, Personnel Policy Manual, p. 7).
Furthermore, the Housing Authority of The City of Morgan City, Louisiana, Employee Handbook reads in pertinent part:
 (3) Authority to Effect Personnel Actions p. 3
 (b) Authority to appoint, promote, transfer, demote, suspend, and to remove personnel has been vested in the executive director by the board of commissioners and such other officials as may be formally designated to act for the Director, except those personnel actions relating to the key employee as determined by the board shall be reserved for board action on the recommendation of the executive director. (Emphasis Added).
Based upon the foregoing, this office is of the opinion that the executive director is vested with the authority pursuant to the civil service laws, rules, regulations, and policies of the Authority, to designate employment, employment, qualifications, assignment of duties, compensation, promotion, demotion and/or termination of all employees of the Authority, except those employees designated as key employees by the Board.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ CHARLENE PATTERSON Assistant Attorney General