| | | |
|---|---|---|
| **TIGE D. SCOTT** | * | **NO. 2022-CA-0728** |
| | | |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **HOUSING AUTHORITY OF** | * | |
| **NEW ORLEANS, ROBERT E.** | | **FOURTH CIRCUIT** |
| **ANDERSON, GREGG** | * | |
| **FORTNER, AND AIG** | | **STATE OF LOUISIANA** |
| **INSURANCE COMPANY** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-08127, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Rachael D. Johnson)

Raymond C. Burkart, Jr.
THE LAW OFFICES OF RAYMOND C. BURKART, JR., L.L.C.
321 North Florida Street
Suite 104
Covington, LA 70433

          COUNSEL FOR PLAINTIFF/APPELLANT

Sloan L. Abernathy
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

Frederic Theodore Le Clercq
DEUTSCH KERRIGAN
755 Magazine Street
New Orleans, LA 70130-3672

Joseph L. McReynolds
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED IN PART;
REVERSED AND REMANDED
IN PART; APPEAL DISMISSED
IN PART; EXCEPTION OF NO
CAUSE OF ACTION RAISED ON
APPEAL DENIED**
**April 18, 2023**

RDJ
RLB
DLD

The Appellant, Tige D. Scott, seeks review of the September 9, 2022 judgment of the district court, sustaining exceptions of no cause and no right of action of the Appellees, Defendants Housing Authority of New Orleans, Robert E. Anderson, Gregg Fortner and OneBeacon Insurance Group, sued as AIG Insurance Company, and dismissing the majority of Mr. Scott's claims. The district court also granted Mr. Scott leave to amend his petition as to his unconstitutionality claim under La. Rev. Stat. 40:539(C)(8)b) and his whistleblower claim under La. Rev. Stat. 23:967.

Pursuant to our *de novo* review, we affirm the September 9, 2022 judgment in part and uphold the district court's sustaining of the Appellees' exceptions of no right of action and dismissal of Mr. Scott's claims: 1) under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531, et seq.; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La.

1

Const. art. X, § 1, et seq.; and 3) for alleged violations of La. Rev. Stat. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics).

Furthermore, we affirm the district court's ruling, sustaining the Appellees' exception of no cause of action as to Mr. Scott's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims and remand this matter for further proceedings, with instructions to the district court to allow Mr. Scott leave to amend his tort claims for negligence and breach of duties pursuant to La. Code Civ. Proc. art. 934.

Additionally, we lack jurisdiction to consider that portion of the judgment sustaining the exception of no cause of action of the Appellees as to Mr. Scott's unconstitutionality claim under La. Rev. Stat. 40:539(C)(8)b), and allowing him leave to amend said claim. Therefore, we dismiss Mr. Scott's appeal in part.

Lastly, we decline to consider the Appellees' exception of no cause of action raised on appeal.

## FACTS AND PROCEDURAL HISTORY

Mr. Scott was a HANO police officer whose employment was terminated in October 2016. In August 2017, he subsequently filed suit against HANO, its insurer, AIG Insurance Company, and his former supervisors, Robert E. Anderson, the Director of Public Safety/Chief for HANO, and Gregg Fortner, the Executive Director for HANO.

In his petition, Mr. Scott alleges he was terminated by Appellees Anderson and Fortner in retaliation for reporting abuses he observed while working for HANO. He alleges he first observed abuse on June 7, 2016, when he saw a HANO police officer hit a handcuffed prisoner. Mr. Scott pled he reported this incident to his supervisor.

2

Approximately two months later, in August 2016, Mr. Scott avers that he was placed on administrative leave for stress and depression after two of his half-siblings died within days of each other. He subsequently applied for a position with the Harahan Police Department. Mr. Scott alleged that during his interview with the Harahan Police Department, he discussed the June 2016 incident and related that he believed the HANO officer involved used excessive force.

Mr. Scott further pled that he was instructed to report to an August 30, 2016 HANO meeting, which he believed was being held so that he could update his supervisors on his treatment for stress. Mr. Scott asserts that he attended the meeting with Appellee Anderson, as well as Lt. Tyrone Martin and Kelly Walker, a HANO Human Resources officer. Mr. Scott alleged that while in the meeting, Appellee Anderson accused him of not being related to his two deceased half-siblings and demanded additional proof of their relationship. In response, Mr. Scott alleged, he was surprised by Appellee Anderson's accusation and demanded to be able to hire an attorney to defend him against the allegation. Mr. Scott maintains he was subsequently suspended.

On September 13, 2016, according to Mr. Scott, Appellee Fortner sent a letter terminating him for insubordination for leaving the August 30th meeting and refusing to answer questions. Mr. Scott pled that the letter further informed him that he would be terminated because he was unfit for duty due to stress. Mr. Scott alleged that he was given five business days to file a grievance letter, or he would be terminated on September 20, 2016. Mr. Scott pled that he filed a grievance letter, wherein he claimed that he was truthful when he notified his supervisors he was stressed as a result of the deaths of his two siblings and that he was denied due process and status as a "whistle blower" for reporting two incidents.

3

He pled that although he and HANO representative Latasha Nicholas had several phone conversations about rescheduling the termination hearing, he avers that HANO did not notify him of a new hearing date and did not inform him of his rights as a police officer under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531, et. seq. He asserts that he later received an October 10, 2016 letter from Appellee Fortner, informing him that he was terminated as an at will employee for "acts of insubordination constituting misconduct and fitness for duty," pursuant to the HANO Employee Personnel Manual. Mr. Scott pled that his termination violated La. Rev. Stat. 40:2531, et seq. He further pled that he was ordered to return all HANO property that was issued to him, which caused him "much embarrassment, humiliation, loss of reputation, and mental anguish among his peers in the law enforcement community."

Mr. Scott averred that the Appellees terminated him and failed to provide him with due process protections due to him as a police officer under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531-2535, and as a classified state civil service employee, under La. Const. art. X, § 1, et seq. He additionally alleged the Appellees fired him in retaliation for reporting police misconduct in violation of the protection afforded to whistleblowers under La. Rev. Stat. 42:1169 and La. Rev. Stat. 23:967. He further asserted that the Appellees were negligent and breached various duties owed to him. Lastly, he sought punitive damages from the Appellees.

In response to his petition, the Appellees filed exceptions of no cause of action and no right of action, and alternatively, lack of subject matter jurisdiction. On September 9, 2022, a hearing was held on the Appellees' exceptions. On the same date, the district court rendered judgment, sustaining the exceptions of no right of action and no cause of action and dismissing Mr. Scott's claims: 1) under the Police

4

Officer's Bill of Rights, La. Rev. Stat. 40:2531, et seq.; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, et seq.; and 3) for alleged violations of La. Rev. Stat. 42:1169. Furthermore, the district court granted the Appellees' exceptions of no cause of action and dismissed Mr. Scott's claims for "negligence" and "breach of duties;" as well as for punitive damages.

In addition to sustaining the foregoing exceptions, the district court sustained the Appellees' exceptions of no cause of action in response to Mr. Scott's claims under the general whistleblower statute of La. Rev. Stat. 23:967, and seeking to declare La. Rev. Stat. 40:539(C)(8)(b) unconstitutional pursuant to the Louisiana Constitution. However, the district court allowed Mr. Scott to amend his petition within 30 days to cure the grounds for both exceptions of no cause of action. This timely appeal followed.

After filing the instant appeal, Mr. Scott timely filed his First Supplemental and Amending Petition. The Appellees responded by filing an exception of no cause of action in this Court.

Mr. Scott raises three assignments of error on appeal:[1]

> 1) the district court erred when it sustained the Appellees' exceptions of no cause of action and no right of action and dismissed with prejudice his claims for damages for violations of: a) rights, guarantees, and protections pursuant to La. Rev. Stat. 40:2531, et seq., Police Officer's Bill of Rights; b) rights, guarantees, and protections afforded civil service employees pursuant to La. Const., art. X, § 1, et seq., and State Civil Service Rules; c) rights, guarantees, and protections afforded to state whistleblowers

---

[1] Mr. Scott did not raise the dismissal of his claim for punitive damages as an assignment of error on appeal.

5

pursuant to La. Rev. Stat. 42:1169; d) duties based on intentional acts or negligence;

2) the district court erred in sustaining the Appellees' exception of no cause of action and no right of action seeking contribution from HANO to the State Civil Service System; and

3) the district court erred in sustaining the Appellees' exceptions of no cause of action and no right of action and dismissing Mr. Scott's petition for declaratory judgment regarding the constitutionality of La. Rev. Stat. 40:539(C)(8)(b) on its face and as applied to HANO.

We will first discuss the district court rulings on the Appellees' exceptions of no right of action.

## EXCEPTIONS OF NO RIGHT OF ACTION

Mr. Scott seeks review of the district court's judgment sustaining the Appellees' exceptions of no right of action and dismissal of his claims for: 1) violations of rights, guarantees, and protections under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531, et seq.; 2) violations of rights, guarantees, and protections afforded civil service employees pursuant to La. Const., art. X, § 1, et seq., and State Civil Service Rules; 3) for a declaratory judgment regarding the constitutionality of La. R.S. 40:539(C)(8)(b) on its face and as applied to appellee HANO; and 4) violations of rights, guarantees, and protections afforded to state whistleblowers pursuant to La. Rev. Stat. 42:1169.

### Standard of Review

Exceptions of no right of action are raised by a peremptory exception, which functions "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. Code Civ. Proc. arts. 923 and 927. The function of an exception of no right of action,

6

however, "is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. The mover carries the burden of proof on the exception. *Leone v. Ware*, 17-638, p. 4 (La. App. 3 Cir. 5/2/18), 246 So.3d 833, 835.

When appellate courts review a trial court's ruling on an exception of no right of action, the focus should be "on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256. The court begins its analysis on an exception of no right of action "with an examination of the pleadings." *Leone,* 17-638, p. 3, 246 So.3d at 835 (*quoting Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224, pp. 17-18 (La. 7/1/08), 986 So.2d 47, 60).

A *de novo* standard of review applies to a trial court's ruling sustaining an exception of no right of action. *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 12-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009. Because exceptions of no right of action present questions of law, appellate review "involves determining whether the trial court was legally correct in sustaining such exceptions." *Id.*

For the reasons discussed below, pursuant to our *de novo* review, we find the district court properly sustained the Appellees' exceptions of no right of action.

**Police Officer's Bill of Rights**

Mr. Scott pled that his rights under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531, et seq., were violated because HANO failed to: notify him of his

rights as a police officer; provide him notice of a his last hearing date; and afford him an opportunity to provide witnesses and examine HANO's witnesses during the course of its investigation, in addition to failing to provide him other protections. He further pled that the Appellees did not grant him the statutory minimum standards guaranteed to him as a police officer when he was fired in retaliation for disclosing two incidents of police misconduct. However, this Court has held that the Police Officer's Bill of Rights is inapplicable to HANO officers.

In *Smith v. Hous. Auth. of New Orleans*, 17-0038 (La. App. 4 Cir. 6/28/17), —— So.3d ——, ——, 2017 WL 3426018, a HANO police officer, Mr. Smith, sued the same Appellees involved in the instant case, as well as a fellow HANO officer, after being fired. Mr. Smith alleged he was wrongfully terminated without civil service protections and that he was terminated because he was a whistleblower. *Smith,* 17-0038, pp. 1-2, 2017 WL 3426018, *1.

The defendants filed numerous exceptions, including an exception of no cause of action pertaining to a claim Mr. Smith raised pursuant to 42 U.S.C. § 1983. The district court sustained the exception and dismissed Mr. Smith's 42 U.S.C. § 1983 claim. *Smith*, 17-0038, pp. 1-3, 2017 WL 3426018, *1. On appeal, the *Smith* Court rejected an ancillary argument raised by Mr. Smith: as a whistleblower, he was wrongfully denied the protections provided by the Police Officer's Bill of Rights.

The Court explained that the definition of a "police employee" provided in La. Rev. Stat. 40:2531 excludes HANO officers:

> La. Rev. Stat. 40:2531 applies:
>
> only to police employees as defined by Rev. Stat. 40:1372(5), Louisiana P.O.S.T. certified probation and parole officers employed by the Louisiana Department of Public Safety and Corrections,

8

> division of probation and parole, and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation ....

> La. R. S. 40:1372(5) provides that a " '[p]olice employee' means any employee who is assigned to police work as a peace officer pursuant to R. S. 40:1379." Further, La. R. S. 40:1379 outlines the duties and powers of state police employees. *Mr. Smith does not belong to the class of persons protected by La. R. S. 40:2531. He was not a state police employee, a "police employee," a "probation and parole officer", or a law enforcement officer employed by a municipality or state-supported college/university.* See La. R. S. 40:2531, 40:1372(5), and 40:1379. *HANO is "a public body, corporate and politic, previously established, or to be established, by a municipality or a parish ... exercising necessary and essential governmental functions for the purposes ... in matters of statewide concern, although its operations are local in nature."* La. R. S. 40:384(16). See also La. R. S. 40:383. As such, he is not entitled to the protections outlined in the Police Officer's Bill of Rights. [Emphasis added].

*Smith,* 17-0038, p. 9, 2017 WL 3426018, *5. Similarly, we find that as a HANO police officer, Mr. Scott does not have a right of action under the Police Officer's Bill of Rights because he does not belong to the class of persons protected by La. Rev. Stat. 40:2531. This assignment of error is without merit.

**Civil Service Claims and La. Rev. Stat. 40:539(8)(b)**

Mr. Scott asserts that he has the right to bring civil service claims under La. Const. art. X, § 1, et seq.[2] In his petition, he pled that during the course of HANO's

---

[2] La. Const. art. X, § 1 provides:

> State Civil Service. The state civil service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include members of the state police service as provided in Part IV

9

investigation, he was not afforded the opportunity to provide witnesses and examine HANO's witnesses, nor was he given other protections "guaranteed Civil Service employees by the State Department of Civil Service." He further pled that he believed "the position of a HANO police officer and his/her supervisors who enforce the police powers of Louisiana reserved to the States by U.S. Constitution are classified civil service positions as defined in La. Const. art. X § 2 and La. R.S. 40:539(8)(a)." He averred that HANO's policy of excluding HANO officers from civil service protection combined with the application of La. Rev. Stat. 40:539(8)(a) violate La. Const. art. X § 2. Lastly, he pled that he was terminated without being afforded his right to appeal the disciplinary action guaranteed by La. Const. arts. X § 8, 10 and 12.

HANO employees are specifically excluded from the state civil service pursuant to La. Rev. Stat. 40:539(8)(b), which provides:

> (b) Notwithstanding any provision of Subparagraph (a) of this Paragraph or of any other law to the contrary, the Housing Authority of New Orleans shall not be considered to be an instrumentality of the state for purposes of Article X, Section 1(A) of the Constitution of Louisiana, and employees of the authority shall not be included in the state civil service.

While we recognize that Mr. Scott challenges the constitutionality of La. Rev. Stat. 40:539(8)(b), he does not currently have a right to levy a state civil service claim.

Additionally, Mr. Scott assigns as error the district court's sustaining of the Appellees' exception of no right of action and no cause of action as to his claim of

---

of this Article or persons holding offices and positions of any municipal board of health or local governmental subdivision.

the unconstitutionality of La. Rev. Stat. 40:539(8)(b), and the dismissal of this claim. Mr. Scott misinterprets the September 9, 2022 judgment, which only sustained the Appellees' exception of no cause of action regarding said claim and granted him leave to amend this claim within 30 days of the date of its judgment. The district court did not dismiss Mr. Scott's unconstitutionality claim. Furthermore, for the reasons discussed later in this opinion, we lack jurisdiction to consider that portion of the judgment allowing Mr. Scott to amend said claim.

Lastly, Mr. Scott, in his second assignment of error, asserts that the district court erred in sustaining the Appellees' exception of no cause of action and no right of action, seeking contribution from HANO to the State Civil Service System. Nevertheless, the September 9, 2022 judgment includes no such ruling. Regarding Mr. Scott's civil service claims, the judgment states that the Appellees' "exceptions of no cause of action and no right of action urged in response to Plaintiffs claims for alleged violations of rights, procedures and protections afforded to classified civil service employees, La. Const. art. X, § 1" are sustained and those claims are dismissed with prejudice. Moreover, because HANO is excluded from the State Civil Service under La. Rev. Stat. 40:539(C)(8)(b), it follows that HANO does not and did not have an obligation to contribute to the State Civil Service System at the time of Mr. Scott's employ. This assignment of error is without merit.

Mr. Scott does not have a right of action to raise classified civil service claims under La. Const. art. X, § 1, et seq. These assignments of error are without merit.

**Whistleblower Protection**

In his petition, Mr. Scott pled that he filed a grievance letter with HANO wherein he alleged that he raised various claims, including that he was "denied status as a 'whistle blower' for reporting two incidents . . . ." He further alleged that the

Appellees committed two violations of La. Rev. Stat. 42:1169 by: terminating him from his employment without affording him "his rights as a whistle blower and to appeal the disciplinary action" and failing to grant him "the minimum standards guaranteed" under La. Rev. Stat. 42:1169, thereby making his termination an absolute nullity. Additionally, he pled that he lodged a complaint with the Louisiana Ethics Commission.

Mr. Scott avers that he can raise a whistleblower claim under La. Rev. Stat. 42:1169, et seq., because the statute protects public employees from reprisals when they report information they reasonably believe indicates a violation of law or rule, or any acts of impropriety related to the scope of duties of public employment. He asserts that as a HANO police officer, he is a public employee who can file a claim for damages as a whistleblower because he is a wrongfully terminated state employee and is entitled to reinstatement and to receive any lost income and benefits for the period he was terminated, under La. Rev. Stat. 42:1169(B)(2)(a). Mr. Scott misinterprets his rights under La. Rev. Stat. 42:1169.

La. Rev. Stat. 42:1169 is a statute that comprises a part of the Code of Governmental Ethics, La. Rev. Stat. 42:1101, et seq. The Code of Governmental Ethics establishes the Board of Ethics and further provides that it has the power to enforce the provisions contained in the Code of Ethics. Specifically, La. Rev. Stat. 42:1132, entitled Board of Ethics, provides in pertinent part:

> C. Jurisdiction. The Board of Ethics shall administer and enforce the provisions of this Chapter[3] and the rules, regulations, and orders issued hereunder with respect to public employees and elected officials, including final decisions of the Ethics Adjudicatory Board. [Footnotes omitted].

---

[3] The chapter referred to herein is Chapter 15, entitled *Code of Governmental Ethics*.

Furthermore, La. Rev. Stat. 42:1169 provides directives for reporting acts of reprisals to the Board of Ethics and also sets forth how the Board of Ethics will proceed with investigating such acts. Section (B)(1)(a) of La. Rev. Stat. 42:1169 states that any acts of reprisal taken against whistleblowers shall be reported to the Board of Ethics:

> If any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of reprisal for reporting an alleged act of impropriety in violation of this Section, the public employee shall report such action to the board.

Moreover, La. Rev. Stat. 42:1169(C) sets forth the investigation process for the Board of Ethics:

> The board shall provide written notice of the commencement of an investigation of a report of a violation of this Section to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than ten days prior to the date set for the investigation. If the board determines, following an investigation, that it shall offer a consent opinion or conduct a public or private hearing to receive evidence and determine whether any violation of this Section has occurred, the board shall provide written notice of the hearing or consent opinion to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than sixty days prior to the date set for the action by the board. The employee's agency shall cooperate in every possible manner in connection with any investigation conducted by the board. The agency shall be considered to be an indispensable party to any investigation, hearing, or consent opinion and may have legal counsel, cross-examine witnesses, call witnesses, and present evidence on its behalf.

Considering that it is within the Board of Ethics' purview to "administer and enforce" the Code of Ethics and that the purpose of reporting claims to the Board of

13

Ethics is for the board itself to investigate the reported claims, Mr. Scott does not have the right to directly bring an action for an alleged violation of La. Rev. Stat. 42:1169. Mr. Scott's statutory remedy is to allow the Board of Ethics to complete its investigation of the complaint he lodged pursuant to the procedures set forth within the Code of Ethics. The district court did not err in granting the Appellees' exception of no right of action and dismissing Mr. Scott's whistleblower claim under La. Rev. Stat. 42:1169. This assignment of error is without merit.

Finally, for the reasons discussed above, we affirm the district court's judgment sustaining the Appellees' exceptions of no right of action and the dismissal of the following claims of Mr. Scott: 1) under the Police Officer's Bill of Rights, La. Rev. Stat. 40:253, et seq.; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, et seq.; and 3) violations of rights, guarantees, and protections afforded to state whistleblowers pursuant to La. Rev. Stat. 42:1169. Because we affirm the district court's dismissal of these claims, we pretermit discussion of Mr. Scott's assignments of error pertaining to the sustaining of the Appellees' exceptions of no cause of action and the dismissal of these identical claims. Those assignments of error are rendered moot.

## EXCEPTIONS OF NO CAUSE OF ACTION

Below we address Mr. Scott's assignments of error pertaining to the district court's rulings sustaining the Appellees' exceptions of no cause of action as to his claims for intentional acts and negligence as well as seeking to declare La. Rev. Stat. 40:539(C)(8)(b) unconstitutional.

14

**Intentional Acts and Negligence**

Mr. Scott seeks review of the district court's ruling, sustaining the Appellees' exception of no cause of action and dismissing his tort claims for negligence and breach of duties. In his petition for damages, Mr. Scott pled that the Appellees were liable for negligence and breach of duties as a result of various actions he asserts they failed to take as well as for wrongfully terminating him in retaliation for disclosing that a HANO officer violated citizens' civil rights and acted unprofessionally with minors.[4] He asserted that HANO is liable under the theory of respondeat superior.

The Appellees, in response, assert they are entitled to general tort immunity under La. Rev. Stat. 9:2798.1, entitled *Policymaking or discretionary acts or omissions of public entities or their officers or employees*, which provides in pertinent part:

> A. As used in this Section, "public entity" means and includes the state and any of its branches,

---

[4] Mr. Scott alleged that HANO: failed to document in policies and procedures consistent with the State of Louisiana's laws and Constitution; failed to include Mr. Scott and HANO police officers in a classified position under the jurisdiction of the State Civil Service System; failed to grant Mr. Scott all of the rights and privileges guaranteed to him under the laws and Constitution of the State of Louisiana; wrongfully terminating him without due process and granting him whistleblower status; failing to protect his rights as a whistleblower and a peace officer; failing to properly supervise Appellees Anderson and Fortner; failing to prevent a retaliatory firing; and any other acts of negligence and breach of duties established at trial.

He pled that Appellee Anderson: failed to guarantee him his rights provided under Louisiana law and its Constitution; failed to timely and properly investigate his complaints and grant him whistleblower status; failed to timely take corrective action to protect by his rights under Louisiana law; failed to properly supervise HANO police officers; fired him in retaliation; and any other acts of negligence and breach of duties established at trial.

Lastly, he pled that Appellee Fortner: failed to guarantee him his rights provided under Louisiana law and its Constitution; wrongfully terminated him without due process and protection as a whistleblower; fired him in retaliation; failing to properly supervise Appellee Anderson; failed to document policies and procedure placing HANO police officers under the State Civil Service Commission's jurisdiction; failed to document policies and procedure guaranteeing Mr. Scott and HANO police officers minimum due process standards and whistleblower protection procedures to be followed by HANO personnel when investigating HANO police officers; and any other acts of negligence and breach of duties established at trial.

15

departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

The Appellees assert that Mr. Scott failed to allege in his petition any acts by the Appellees that would fall into the exception from general tort immunity described in La. Rev. Stat. 9:2798.1(C)(2). In other words, they aver he failed to plead that the Appellees engaged in "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" acts or omissions. We disagree in part.

A district court's ruling on an exception of no cause of action is reviewed by appellate courts using the *de novo* standard of review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. *Herman v. Tracage Dev., L.L.C.*, 16-0082, p. 4 (La. App. 4 Cir.

16

9/21/16), 201 So. 3d 935, 939. All well-pleaded allegations of fact are accepted as true. *Jackson v. City of New Orleans*, 12-2742, p. 24 (La. 1/28/14), 144 So. 3d 876, 895. "[T]he issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Montalvo v. Sondes*, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131. "Liberal rules of pleading prevail in Louisiana, and when it can reasonably do so, a court should maintain a petition to allow a plaintiff to present his case." *S.K. Whitty & Co. v. Laurence L. Lambert & Assocs.*, 576 So. 2d 599, 601 (La.App. 4th Cir. 1991).

Only well-pled allegations of fact that are accepted as true. *Strategic Med. All. II v. State*, 22-0051, p. 6 (La. App. 1 Cir. 11/4/22), 2022 WL 16707127. "The adjective "well-pled" refers to properly pled allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. It does not include allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Id*. Additionally, we have held that general immunity under La. Rev. Stat. 9:2798.1 extends to HANO and its officers. *Smith*, 17-0038, p. 10, 2017 WL 3426018, *5.[5]

We find that Mr. Scott alleged in a conclusory manner his tort claims for negligence and breach of duties. Nevertheless, pursuant to our *de novo* review, we further find that his allegations of retaliatory firing against the Appellees indicate that their actions or omissions may constitute "malicious, intentional, [and] willful" misconduct, to which the Discretionary Acts Doctrine does not apply under La. Rev. Stat. 9:2798.1(C)(2). Therefore, we affirm the district court's ruling sustaining the

---

[5] [W]hen dealing with matters outside the realm of the civil service system, HANO is considered an instrumentality of the state." *Smith*, 17-0038, p. 6, 2017 WL 3426018, *3 (citing *See Dep't of State Civil Serv. v. Hous. Auth.*, 95-1959, p. 5 (La. App. 1 Cir. 5/10/96), 673 So.2d 726, 729). Thus, HANO is considered a "public entity" as defined by La. Rev. Stat. 9:2798.1 (A).

17

Appellees' exception of no cause of action as to these claims. However, we reverse the district court's dismissal of these claims, finding that Mr. Scott should be granted leave to file an amended petition to cure the grounds for the Appellees' exception, if possible, pursuant to La. Civ. Code Civ. Proc. art. 934.[6] Thus, we remand this matter in part, for the district court to allow Mr. Scott leave to amend his tort claims for negligence and breach of duties.

**Amended Claims**

As stated above, the district court granted the Appellees' exceptions of no cause of action as to Mr. Scott's claims of unconstitutionality under La. Rev. Stat. 40:539(C)(8)b) and his whistleblower claim under La. Rev. Stat. 23:967, but allowed him to amend his petition as to these claims. Mr. Scott assigns as error the district court's ruling pertaining to his La. Rev. Stat. 40:539(C)(8)b) unconstitutionality claim. However, we lack jurisdiction to consider this issue.

"A judgment granting an exception of no cause of action, but providing leave to amend the petition is not a final judgment or an interlocutory judgment subject to appeal. Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided by La. C.C.P. art. 934." *McGaha v. Franklin Homes, Inc.*, 21-0244, p. 45 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 869-70. (internal citations omitted). Applying the holding of *McGaha* to the instant matter, we find the September 9, 2022 judgment is not final as it pertains to sustaining the Appellees' exception of no cause of action as to Mr. Scott's unconstitutionality claim under La. Rev. Stat. 40:539(C)(8)b) because he was granted leave to amend this

---

[6] When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. Code Civ. Proc. art. 934.

claim. Therefore, we cannot address Mr. Scott's assignment of error regarding his La. Rev. Stat. 40:539(C)(8)b) unconstitutionality claim. Moreover, we dismiss Mr. Scott's appeal in part because we lack jurisdiction to consider this remaining assignment of error.

**EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL**

On appeal, the Appellees re-urge their exception of no cause of action in response to Mr. Scott's amended petition. They contend Mr. Scott merely added two sentences to Paragraph 1(A)(2) of his original petition, asserting that HANO is liable to Mr. Scott under 42 U.S.C.S. § 1983, yet he still failed to state a cause of action concerning the alleged unconstitutionality of La. Rev. Stat. 40:539(C)(8)(b).

As explained above, the district court still has jurisdiction over that portion of the September 9, 2022 judgment, allowing Mr. Scott to amend his petition. Consequently, we decline to consider the exception, finding it more appropriate to allow the district court to review the amended petition and consider any exceptions the Appellees may raise thereto.[7]

**DECREE**

For the foregoing reasons, we affirm the September 9, 2022 judgment in part and uphold the district court's grant of the Appellees' exceptions of no right of action and dismissal of Mr. Scott's claims: 1) under the Police Officer's Bill of Rights, La. Rev. Stat. 40:2531, et seq.; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, §

---

[7] Review of the Appellees' exception is discretionary under La. Code Civ. Proc. art. 927 (B) and La. Code Civ. Proc. art. 2163. Article 927(B) of the Louisiana Code of Civil Procedure permits an appellate court to notice an exception of no cause of action on their own motion. Moreover, La. Code Civ. Proc. art. 2163 further provides that the "appellate court *may* consider the peremptory exception filed for the first time in that court, if pled prior to a submission of the case for a decision, and if proof of the exception appears of record. " [Emphasis added].

19

1, et seq.; 3) for alleged violations of La. Rev. Stat. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics); and 4) for "negligence" and "breach of duties."

We further affirm in part the district court's ruling, sustaining the Appellees' exception of no cause of action as to Mr. Scott's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims and remand this matter in part for further proceedings, with instructions to the district court to allow Mr. Scott leave to amend his tort claims for negligence and breach of duties pursuant to La. Code Civ. Proc. art. 934.

Moreover, we dismiss Mr. Scott's appeal in part because we lack jurisdiction to consider that portion of the judgment sustaining the exception of no cause of action of the Appellees as to Mr. Scott's unconstitutionality claim under La. Rev. Stat. 40:539(C)(8)b), and allowing him leave to amend that claim.

Lastly, the Appellees' exception of no cause of action raised on appeal is denied.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART; APPEAL DISMISSED IN PART; EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL DENIED**
**April 18, 2023**